# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MIGUEL PALOMARES and RICHARD FELICIANO,**

        **Plaintiffs,**

**v.**                                                        **Case No:   6:15-cv-340-Orl-41KRS**

**KISSIMMEE PRODUCE, INC. and VITOR CORTES,**

        **Defendants.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **JOINT MOTION FOR APPROVAL OF SETTLEMENT (Doc. No. 33)**
>
> **FILED:**      **January 4, 2016**

**I.   BACKGROUND.**

On March 4, 2015, Plaintiffs Miguel Palomares and Richard Feliciano filed their Complaint against Defendants, Kissimmee Produce, Inc., and Vitor Cortes.  Doc. No. 1.  In the Complaint, Plaintiffs asserted claims of overtime violations under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* (Count I); minimum wage violations under the FLSA (Count II), and minimum wage violations under Article X, Section 23, of the Florida Constitution (Count III).  Doc. No. 1. On December 17, 2015, the parties participated in a settlement conference before the Honorable Thomas B. Smith, United States Magistrate Judge, and during the conference the parties settled the

claims asserted in this case. Doc. No. 31. On January 4, 2016, the parties filed the instant motion, requesting that the Court approve their settlement in accordance with *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). Doc. No. 33. The parties attached a fully executed copy of their settlement agreement. Doc. No. 33-1 (the "Settlement Agreement). The parties stipulate to an Order approving their settlement, and dismissing the case with prejudice. Doc. No. 33, at 4.

The motion was referred to me for issuance of a Report and Recommendation, and the matter is now ripe for review.

## II.     APPLICABLE LAW.

In *Lynn's Food*, the United States Court of Appeals for the Eleventh Circuit explained that claims for compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." 679 F.2d at 1353. Under *Lynn's Food*, a court may only enter an order approving a settlement if it finds that the settlement is fair and reasonable, *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1240 (M.D. Fla. 2010), and that the ensuing judgment is stipulated, *Nall v. Mal Motels, Inc.*, 723 F.3d 1304, 1308 (11th Cir. 2013).

When a settlement agreement includes an amount to be used to pay attorney's fees and costs, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (per curiam).[1] If the Court finds that the payment to the attorney is not reasonable, the Court must consider whether a plaintiff's recovery might have been greater if the parties had reduced

---

[1] Unpublished decisions of the Eleventh Circuit are cited as persuasive authority.

the attorney's fees to a reasonable amount. *See id.* at 351-52; *see also Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) (finding that the Court must consider the reasonableness of attorney's fees when a "settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney").

**III.   ANALYSIS.**

　　*A.   Whether Plaintiffs Have Compromised Their Claims.*

Under the Settlement Agreement, Defendants will pay Palomares a total of $6,000.00, and Feliciano a total of $3,000.00. Doc. No. 33, at 1; Doc. No. 33-1 ¶ 1. The motion indicates Palomares claims he is entitled to $10,291.50, plus liquidated damages. Feliciano claims he is entitled to $2,159.14, plus liquidated damages. Doc. No. 33, at 3. Because Plaintiffs will receive less than the amounts to which they claim they are entitled under the FLSA, they have compromised their claims within the meaning of *Lynn's Food*.

　　*B.   Whether the Compromise Is Fair And Reasonable.*

Because Plaintiffs have compromised their claims, the Court must, under *Lynn's Food*, evaluate whether the Settlement Agreement is fair and reasonable. The parties represent that they do not agree on the number of overtime hours worked by Plaintiffs. They "agree that the settlement reflects a reasonable compromise of all of the disputed issues, and reflect[s] a desire by all [p]arties to end the litigation." The parties also represent that, because of outstanding debt and lower sales, collectability would be an issue were this case proceed to judgment, and that Plaintiffs were willing to settle to ensure recovery. Doc. No. 33, at 3. Finally, they represent that they were able to bridge their differences in the settlement conference. *Id.* at 4. These facts adequately explain the reasons

for the compromise. Accordingly, I recommend that the Court find that the compromise is reasonable.[2]

### C. Whether the Attorneys' Fees and Costs Undermine the Fairness of the Settlement Agreement.

Because Plaintiffs have compromised their FLSA claims, the Court must also consider whether the payment to their attorney is reasonable to ensure that the attorney's fees and costs to be paid did not improperly influence the amount Plaintiffs agreed to accept. *See Silva*, 307 F. App'x at 351. "[T]he best way to insure that no conflict has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered." *Bonetti*, 715 F. Supp. 2d at 1228. If the parties do not agree to the attorney's fees "separately and without regard to the amount paid to the plaintiff," however, the Court should determine the reasonable fee using the lodestar approach. *Id.* Here, Plaintiffs' counsel will receive $3,500.00 in attorney's fees and costs, and the parties represent that this amount was "negotiated separately . . . and without regard to the amount of Plaintiffs' recovery." Doc. No. 33, at 4. Based on this representation, there is no reason to believe that the amount Plaintiffs agreed to accept was adversely affected by the amount of fees paid to their counsel.

## IV. RECOMMENDATIONS.

In light of the foregoing, I respectfully **RECOMMEND** that the Court do the following:

1. **GRANT in part** the Motion to Approve Settlement (Doc. No. 33);

---

[2] I note that, although the Plaintiffs represent that no other payments are due and owing to them by Defendants, the Settlement Agreement's release appears to be limited to Plaintiffs' FLSA claims. Doc. No. 33-1, at 4 ("[U]pon receipt of all funds described above, they will have released their claims under the Fair Labor Standards Act.). Accordingly, the release is not a general release, and it does not preclude a fairness finding. *See Shearer v. Estep Constr. Inc.*, No. 6:14-cv-1658-Orl-41GJK, 2015 U.S. Dist. LEXIS 65832, at *9-10 (M.D. Fla. May 20, 2015) (finding that general releases preclude a fairness determination under *Lynn's Food* because the value of unknown claims cannot be readily determined).

2. **FIND** that the parties' settlement agreement (Doc. No. 33-1) is a fair and reasonable resolution of a *bona fide* dispute under the FLSA; and

3. **DISMISS** this case with prejudice, and thereafter **DIRECT** the Clerk of Court to close the case.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on January 7, 2016.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy